**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

THE CITY OF NEW YORK,

                Plaintiff,

     -against-

CIGARETTES UNLIMITED, L.C., JOHN A. LASH,
III, ANITA LASH, STEPHEN DABNEY RILEY,
SHANA L. BILLER, MARY RILEY, MARGARET
L. CLARK, CANDICE S. FOX, MONIQUE
PEARSON, JULIUS PETERS-BRANDON,
JOANNA S. PETTIES, PAULA K. SLOAN,
DERRICK L. WHITING, JESSICA WHITEHEAD,
ELIZABETH R. WINDHAM, DEBRA A. ANTICO,
JOSEPH N. ANTICO, THOMAS GUGLIELMO,
MERYLE MCGOWAN, ROBERT A. SCHMIDT,
RAZIK K. SHARKI, and John or Jane Doe 1-30,

                Defendants.

Case No. 19-cv-3998(ILG)(RLM)

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF THE CIGARETTES UNLIMITED DEFENDANTS'**
**PARTIAL MOTION FOR SUMMARY JUDGMENT OR MOTION TO DISMISS**

SHER TREMONTE LLP

Justin M. Sher
Alexandra G. Elenowitz-Hess
90 Broad Street, 23rd Floor
New York, New York 10004
212.202.2600
jsher@shertremonte.com
ahess@shertremonte.com

*Attorneys for Cigarettes Unlimited Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 2

I.    DEFENDANTS CONSENT TO A CONVERSION OF THEIR MOTION TO A PARTIAL MOTION FOR SUMMARY JUDGMENT ................................................ 2

II.   LEGAL STANDARD FOR SUMMARY JUDGMENT ............................................ 3

III.  THE COURT SHOULD GRANT DEFENDANTS SUMMARY JUDGMENT AS TO THE CCTA CLAIMS .......................................................................................... 5

    A.   The City Has Put Forth No Evidence that the Nine Grouped Defendants Violated the CCTA ......................................................................................... 5

        1.   Declaration of Detective John Cielakie ................................................. 6

        2.   Declaration of Debra Antico ................................................................. 6

        3.   Declaration of Joseph Antico ................................................................. 7

        4.   Declaration of Mary Davern ................................................................. 7

        5.   Declaration of Meryle McGowan ......................................................... 8

        6.   Declaration of Robert Schmidt .............................................................. 9

    B.   The Court Should Also Grant Summary Judgment as to the CCTA Claim Against Ms. Fox ............................................................................................ 10

    C.   The Cigarettes Were Not "Contraband" Under the CCTA ............................... 11

IV.  THE COURT SHOULD GRANT DEFENDANTS SUMMARY JUDGMENT AS TO THE SUBSTANTIVE RICO CLAIMS ................................................................ 12

    A.   The City Has Not Established the Existence of Predicate Acts as to Any of the Cigarettes Unlimited Defendants ................................................................... 12

    B.   The City Has Put Forth No Evidence that the Nine Grouped Defendants Violated RICO ............................................................................................... 12

    C.   The City Has Put Forth No Evidence that Ms. Fox Violated RICO ................... 12

V.   THE COURT SHOULD GRANT DEFENDANTS SUMMARY JUDGMENT AS TO THE RICO CONSPIRACY CLAIMS ................................................................ 12

VI.  THE COURT SHOULD GRANT DEFENDANTS SUMMARY JUDGMENT AS TO THE PACT ACT CLAIMS AGAINST THE TWELVE EMPLYOEE DEFENDANTS ........................................................................................................ 13

    A.   The City Has Abandoned Its Argument that the Employee Defendants Are Subject to the PACT Act's Filing Requirements ............................................... 13

    B.   The Employee Defendants Are Not "Delivery Sellers" Under the PACT Act as a Matter of Law ............................................................................................. 14

    C.   The City Has Put Forth No Evidence that the Nine Grouped Defendants Are "Delivery Sellers" Under the PACT Act ......................................................... 15

D.      The City Has Put Forth No Evidence that Ms. Fox is a "Delivery Seller" Under the PACT Act....................................................................................................... 15

CONCLUSION.............................................................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Am. Legion Dep't of N.Y. v. United States*,
    No. 92–CV–1117, 1993 WL 328058 (N.D.N.Y. June 17, 1993) ...................................... 2

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) .................................................................................................. 3, 5

*Applegate v. Top Assocs., Inc.*,
    425 F.2d 92 (2d Cir. 1970) ....................................................................................... 6, 9

*BroadVision, Inc. v. Med. Protective Co.*,
    No. 08–CV–1478, 2010 WL 5158129 (S.D.N.Y. Nov. 23, 2010) ............................... 3, 4

*Camarda v. Selover*,
    673 F. App'x 26 (2d Cir. 2016) ..................................................................................... 13

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ........................................................................................................ 4

*CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*,
    735 F.3d 114 (2d Cir. 2013) ............................................................................................ 7

*City of N.Y. v. Chavez*,
    944 F. Supp. 2d 260 (S.D.N.Y. 2013) .......................................................................... 11

*City of N.Y. v. FedEx Ground Package Sys., Inc.*,
    351 F. Supp. 3d 456 (S.D.N.Y. 2018) ....................................................................... 8, 14

*City of New York v. Hatu*,
    No. 1:18-CV-848 (S.D.N.Y. Sept. 24, 2018) (Engelmayer, J.) ("*Hatu I*") ........... 10, 11, 12

*City of New York v. Hatu*,
    No. 18–CV–848, 2019 WL 2325902 (S.D.N.Y. May 31, 2019) ("*Hatu II*") .................. 10

*Cty. of Suffolk v. Golden Feather Smoke Shop, Inc.*,
    No. 09–CV–162, 2016 WL 1245001 (E.D.N.Y. Mar. 23, 2016) ..................................... 14

*D. Penguin Bros., Ltd. v. City Nat'l Bank*,
    587 F. App'x 663 (2d Cir. 2014) .................................................................................. 13

*Dluhos v. Floating & Abandoned Vessel, Known as N.Y.*,
    162 F.3d 63 (2d Cir. 1998) ............................................................................................ 10

*Emigra Grp., LLC v. Fragomen, Del Rey, Bernsen & Loewy, LLP*,
    612 F. Supp. 2d 330 (S.D.N.Y. 2009)................................................................. 4

*Felix v. City of N.Y.*,
    344 F. Supp. 3d 644 (S.D.N.Y. 2018)............................................................... 13

*Fleming v. MaxMara USA, Inc.*,
    644 F. Supp. 2d 247 (E.D.N.Y. 2009) ................................................................ 6

*Franzone v. City of N.Y.*, No. 13–CV–5,
    282, 2015 WL 2139121 (E.D.N.Y. May 4, 2015) ......................................... 13

*Fuji Photo Film, U.S.A., Inc. v. McNulty*,
    640 F. Supp. 2d 300 (S.D.N.Y. 2009)............................................................. 12

*Garcha v. City of Beacon*,
    351 F. Supp. 2d 213 (S.D.N.Y. 2005)............................................................... 2

*Grabin v. Marymount Manhattan Coll.*,
    No. 12–CV–359, 2015 WL 4040823 (S.D.N.Y. July 2, 2015)......................... 2

*Green v. Avis Budget Grp., Inc.*,
    No. 11–CV–269, 2017 WL 35452 (W.D.N.Y. Jan. 4, 2017) ........................... 9

*Guardian Life Ins. Co. v. Gilmore*,
    45 F. Supp. 3d 310 (S.D.N.Y. 2014)................................................................. 8

*Gurary v. Winehouse*,
    190 F.3d 37 (2d Cir. 1999)................................................................................ 2

*Hayut v. State Univ. of N.Y.*,
    352 F.3d 733 (2d Cir. 2003)............................................................................. 4

*Hicks v. Baines*,
    593 F.3d 159 (2d Cir. 2010)............................................................................. 8

*In re Dana Corp.*,
    574 F.3d 129 (2d Cir. 2009)............................................................................. 3

*In re G. & A. Books, Inc.*,
    770 F.2d 288 (2d Cir. 1985)............................................................................. 2

*In re Repetitive Stress Injury Litig.*,
    165 F.R.D. 367 (E.D.N.Y. 1996) ..................................................................... 2

iv

*In re Venture Mortg. Fund, L.P.*,
    282 F.3d 185 (2d Cir. 2002)..................................................................................... 11

*Klebe v. Tri Mun. Sewer Comm'n*,
    No. 07–CV–7071, 2008 WL 5245963 (S.D.N.Y. Dec. 17, 2008) ...................................... 2

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
    542 F.3d 290 (2d Cir. 2008)...................................................................................... 4

*New England Reinsurance Corp. v. Ferguson Enterprises, Inc.*,
    No. 3:12–CV–948, 2015 WL 233045 (D. Conn. Jan. 16, 2015) ...................................... 4

*New York v. United Parcel Services*, *Inc.*,
    942 F.3d 554 (2d Cir. 2019)..................................................................................... 14

*Nungesser v. Columbia Univ.*,
    244 F. Supp. 3d 345 (S.D.N.Y. 2017)........................................................................ 10

*O'Neil v. Ponzi*,
    No. 09–CV–983, 2009 WL 3459482 (N.D.N.Y. Oct. 22, 2009)....................................... 9

*Paddington Partners v. Bouchard*,
    34 F.3d 1132 (2d Cir. 1994)...................................................................................... 5

*Rochester v. Cty. of Nassau*, No. 10–CV–6017,
    2019 WL 955032 (E.D.N.Y. Feb. 27, 2019).................................................................. 6

*Schwartz v. Compagnie Gen. Transatlantique*,
    405 F.2d 270 (2d Cir. 1968)...................................................................................... 3

*Spierer v. Rossman*,
    798 F.3d 502 (7th Cir. 2015) ..................................................................................... 4

*Spinelli v. City of N.Y.*,
    579 F.3d 160 (2d Cir. 2009)...................................................................................... 4

*SS Grocery, Inc. v. U.S. Dep't of Agric., Food & Nutrition Serv.*,
    340 F. Supp. 3d 172 (E.D.N.Y. 2018) ........................................................................ 3

*Thompson v. Combined Sys., Inc.*,
    No. 6:17–CV–6007, 2017 WL 2546611 (W.D.N.Y. June 13, 2017) ................................. 2

*Western World Insurance Co. v. Stack Oil, Inc.*,
    922 F.2d 118 (2d Cir. 1990)...................................................................................... 7

*Yesh Music, LLC v. Amazon.com, Inc*.,
        No. 16-CV-1406, 2017 WL 2623854 n.1 (E.D.N.Y. June 16, 2017) ................................. 9

**Statutes**

15 U.S.C. § 377(b) ........................................................................................................... 15

18 U.S.C. § 2342(a) .......................................................................................................... 15

**Rules**

Fed. R. Civ. P. 56(a) .......................................................................................................... 3

U.S.S.G. § 2T2.1 ............................................................................................................... 14

## PRELIMINARY STATEMENT

For over four months, the City of New York and the Spotsylvania County Sheriff's Office surveilled Cigarettes Unlimited, dug through its garbage, arrested its customers, and seized all of its documents.  Yet, even with this trove of information at its disposal, the City has put forth no evidence that nine of the Virginia-based Cigarettes Unlimited Defendants—Anita Lash, Shana Biller, Mary Riley, Margaret Clark, Monique Pearson, Joanna Petties, Derrick Whiting, Jessica Whitehead, and Elizabeth Windham (the "Nine Grouped Defendants")—knew of the supposed cigarette trafficking scheme, let alone participated in it.  Despite this paucity of evidence, the City asks this Court to convert Defendants' motion to dismiss into a motion for summary judgment.  Defendants agree conversion is appropriate and ask the Court to, at a minimum, grant summary judgment as to these nine Defendants.

The Court should also grant Defendants summary judgment as to the City's CCTA, substantive RICO, and RICO conspiracy claims because the CCTA's plain wording makes it clear that the Cigarettes Unlimited Defendants cannot be liable for violating the CCTA where the cigarettes were not contraband at the time of sale.  Finally, the Court should grant summary judgment as to the City's PACT Act claims against the twelve employee Defendants—Ms. Lash, Ms. Biller, Ms. Riley, Ms. Clark, Ms. Fox, Ms. Pearson, Ms. Petties, Mr. Peters-Brandon, Ms. Sloan, Mr. Whiting, Ms. Whitehead, and Ms. Windham (the "Employee Defendants")—because they are not subject to the PACT Act as a matter of law.

1

## ARGUMENT

## I.   DEFENDANTS CONSENT TO A CONVERSION OF THEIR MOTION TO A PARTIAL MOTION FOR SUMMARY JUDGMENT

In its opposition brief, the City states that it would "raise no objection" to "convert[ing] this motion into one for summary judgment."  (Pl.'s Br., at 5 n.9.)[1]  The Cigarettes Unlimited Defendants join the City in asking the Court to convert Defendants' partial motion to dismiss into a partial motion for summary judgment.[2]  *See Garcha v. City of Beacon*, 351 F. Supp. 2d 213, 216 (S.D.N.Y. 2005) ("[A] district court has discretion to convert a motion to dismiss into a

---

[1]      The City has not sought and, in any event, would not be entitled to discovery in connection with this motion for summary judgment for three reasons.  First, in determining whether to grant additional discovery in the context of summary judgment, "[t]he essential inquiry is whether [the City] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings."  *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985).  Here, the City is the only party introducing extrinsic evidence and, therefore, "cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment."  *Id.*; *see also Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) ("In this case, it was plaintiff who submitted the affidavit relied upon by the district court and who thus invited [the district court] to rely not only on the complaint, but upon the more elaborate explication of plaintiff's grievance contained in his affidavit.  [Plaintiff] certainly cannot be heard to claim that [it] was surprised when the district court accepted [its] invitation.  Indeed, the district court arguably would have erred in declining to do so.").

Second, by suggesting the Court convert Defendants' motion, the City is asserting that it already possesses sufficient evidence to create a genuine dispute of material fact.  *See In re Repetitive Stress Injury Litig.*, 165 F.R.D. 367, 376 (E.D.N.Y. 1996) (converting defendants' pending motions into summary judgment motions where "*plaintiffs* raised the specter of summary judgment by choosing to submit matters outside the pleadings").  Therefore, the City's "failure to investigate [its] claim[s] . . . will not preclude summary judgment."  *Am. Legion Dep't of N.Y. v. United States*, No. 92–CV–1117, 1993 WL 328058, at *4 (N.D.N.Y. June 17, 1993).  This should be of particular force where, as here, the City "initiated the investigation" of the Cigarettes Unlimited Defendants and, therefore, must have "based that decision on something."  *Id.*

Finally, "[w]hen a non-movant legitimately requires discovery to meet a motion for summary judgment, Rule 56(d) is the mechanism for addressing that need."  *Thompson v. Combined Sys., Inc.*, No. 6:17–CV–6007, 2017 WL 2546611, at *4 (W.D.N.Y. June 13, 2017) (citation and internal quotation marks omitted).  Here, however, the City "did not avail [it]self of Rule 56(d) by submitting an affidavit or declaration specifying the reasons why [it] is unable to factually counter Defendant[s'] motion for summary judgment."  *Id.*  The City's reference to the need for potential jurisdictional discovery in its Memorandum of Law is not a substitute for a Rule 56(d) affidavit or declaration and "the failure to file such an affidavit is fatal . . . even if the party resisting the motion for summary judgment alluded to a claimed need for discovery in a memorandum of law."  *Gurary*, 190 F.3d at 43–44; *see also Klebe v. Tri Mun. Sewer Comm'n*, No. 07–CV–7071, 2008 WL 5245963, at *3 (S.D.N.Y. Dec. 17, 2008) (same); *In re Repetitive Stress Injury Litig.*, 165 F.R.D. at 376 (same).

[2]      Defendants respectfully request an opportunity to seek summary judgment on additional grounds upon completion of all discovery to the extent it is warranted.  *Grabin v. Marymount Manhattan Coll.*, No. 12–CV–359, 2015 WL 4040823, at *10 (S.D.N.Y. July 2, 2015) ("a district court may in its discretion review a successive summary judgment motion"), *aff'd*, 659 F. App'x 7 (2d Cir. 2016).

motion for summary judgment.").  As discussed *infra* Section II, a motion for summary judgment is "procedurally proper" even where "no evidence has been submitted [by the moving party] beyond the pleadings."  *BroadVision, Inc. v. Med. Protective Co.*, No. 08–CV–1478, 2010 WL 5158129, at *3 (S.D.N.Y. Nov. 23, 2010).  Should the Court convert Defendants' motion, the Cigarettes Unlimited Defendants move for partial summary judgment as to all claims except for the PACT Act claims against Mr. Lash, Mr. Riley, and Cigarettes Unlimited.

Should the Court decline to convert the motion, it should exclude the City's extrinsic evidence under Federal Rule of Civil Procedure 12(b)(6) and grant Defendants' partial motion to dismiss as to all claims except for the PACT Act claims against Mr. Lash and Cigarettes Unlimited.

## II.    LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the submissions of the parties, taken together, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Additionally, "[w]here appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."  *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273–74 (2d Cir. 1968).

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact.  But where, as here, "the non-movants bear the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movants' claim."  *SS Grocery, Inc. v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 340 F. Supp. 3d 172, 179 (E.D.N.Y. 2018); *see also In re Dana Corp.*, 574 F.3d 129, 147

(2d Cir. 2009) (same).  Therefore, "there is nothing in the Federal Rules of Civil Procedure precluding summary judgment . . . prior to discovery." *Emigra Grp., LLC v. Fragomen, Del Rey, Bernsen & Loewy, LLP*, 612 F. Supp. 2d 330, 346 (S.D.N.Y. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the court demonstrates that the standard for the entry of summary judgment . . . is satisfied."); *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015) (affirming district court's grant of summary judgment where defendants relied "solely on citations to facts alleged in the complaint" and plaintiffs "responded to the motion"); *BroadVision, Inc.*, 2010 WL 5158129, at *3 (holding a motion for summary judgment is "procedurally proper" even where "no evidence has been submitted [by the moving party] beyond the pleadings").

Once this burden is met, the burden shifts to the non-moving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial.  *Spinelli v. City of N.Y.*, 579 F.3d 160, 166–67 (2d Cir. 2009).  If the non-moving party "fail[s] to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate."  *New England Reinsurance Corp. v. Ferguson Enterprises, Inc.*, No. 3:12–CV–948, 2015 WL 233045, at *2 (D. Conn. Jan. 16, 2015) (citing *Celotex Corp.*, 477 U.S. at 323).  A mere "scintilla of evidence" in support of the non-moving party is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]."  *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quotation omitted; alteration in original).  In determining whether a genuine issue of fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008).  However, "the

4

mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247–48.

## III.    THE COURT SHOULD GRANT DEFENDANTS SUMMARY JUDGMENT AS TO THE CCTA CLAIMS

### A.  The City Has Put Forth No Evidence that the Nine Grouped Defendants[3] Violated the CCTA

The City's evidence in opposition to summary judgment suffers from the same fatal

deficiencies as its Complaint.  Specifically, the City has failed to present even a scintilla of

evidence that these nine Virginia-based Defendants: (1) sold, or otherwise participated in the

distribution of, under-taxed cigarettes; (2) sold more than 10,000 such cigarettes; or (3) knew

that the cigarettes were destined for illegal distribution in New York.  (*See* Defs.' Br., at 9–12,

18–19.)  The City submitted six declarations[4] in opposition to summary judgment; however, not

a single one identifies any of the Nine Grouped Defendants as meeting, speaking to, or selling a

single cigarette to the Customer Defendants, let alone being part of an alleged multi-state

trafficking scheme.  In lieu of evidence, the City simply relies on inadmissible hearsay and hopes

that discovery "will particularize the conduct" of these Defendants.  (Pl.'s Br., at 37.)  But it is

well-established that the City's "mere hope that further evidence may develop prior to trial is an

insufficient basis upon which to justify the denial of a summary judgment motion." *Paddington*

*Partners v. Bouchard*, 34 F.3d 1132, 1139 (2d Cir. 1994) (citation and alterations omitted).

Similarly, "hearsay that would not be admissible at trial is likewise not competent evidence on a

---

[3]    The Nine Grouped Defendants (Anita Lash, Shana Biller, Mary Riley, Margaret Clark, Monique Pearson, Joanna Petties, Derrick Whiting, Jessica Whitehead, and Elizabeth Windham) are a subset of the "Grouped Defendants" as defined in Defendants' opening brief.

[4]    The City incorrectly claims that "[s]ix [alleged] traffickers . . . confirm that Cigarettes Unlimited's employees knew of the transport of cigarettes."  (Pl.'s Br., at 2 (emphasis omitted).)  However, the City only cites to *four* declarations from alleged traffickers in support of its motion (*id.*) and, as discussed *infra*, improperly late-filed a fifth declaration.

motion for summary judgment." *Fleming v. MaxMara USA, Inc.*, 644 F. Supp. 2d 247, 259 n.9 (E.D.N.Y. 2009), *aff'd*, 371 F. App'x 115 (2d Cir. 2010).  Therefore, the Court should grant Defendants' motion for summary judgment as to the Nine Grouped Defendants.

### 1.  Declaration of Detective John Cielakie

According to Detective Cielakie's declaration, the only Cigarettes Unlimited Defendants he is aware of being involved in the alleged trafficking scheme were Mr. Lash, Mr. Riley, Mr. Peters-Brandon, and Ms. Sloan.  (Cielakie Decl. ¶¶ 12, 14–15, 17, 19, 22, 27–29, 33–36.) Detective Cielakie says nothing about any of the Nine Grouped Defendants.

### 2.  Declaration of Debra Antico

According to Defendant Antico, the only Cigarettes Unlimited Defendants she ever interacted with were Mr. Lash, Ms. Sloan, and Mr. Peters-Brandon.  (D. Antico Decl. ¶¶ 5, 13, 15–16, 20, 22–23.)  The only reference to other Cigarettes Unlimited employees is her statement that Ms. Sloan and Mr. Peters-Brandon referred to her as "Debbie from New York" in conversations with unidentified "other store personnel."  (*Id.* ¶ 16.)  This is wholly insufficient to create a genuine issue of material fact as to the Nine Grouped Defendants' knowledge of, or participation in, the alleged trafficking scheme—especially because the City does not provide any evidence that any of the Nine Grouped Defendants worked at Cigarettes Unlimited's Dale City location, where "all" of Defendant Antico's purchases were made.  (*Id.* ¶ 13); *see Rochester v. Cty. of Nassau*, No. 10–CV–6017, 2019 WL 955032, at *4 (E.D.N.Y. Feb. 27, 2019) ("A party opposing summary judgment 'must support vague accusation[s] and surmise with concrete particulars.'") (quoting *Applegate v. Top Assocs., Inc.*, 425 F.2d 92, 96 (2d Cir. 1970) (collecting

cases)).[5]

### 3.  Declaration of Joseph Antico

Defendant Joseph Antico's declaration confirms that his mother, Defendant Debra Antico, interacted with Ms. Sloan and Mr. Peters-Brandon.  (J. Antico Decl. ¶¶ 5–6.)  The only other Cigarettes Unlimited employee Mr. Antico was "familiar with" is an unnamed "older white male" working at the Dale City location who Mr. Antico "referred to as 'Santa Claus.'"  (*Id.* ¶ 5; *see also* Cielacke Decl. ¶ 18 (alleging that, on one occasion, an unidentified "older white male clerk" at the Dale City location helped load a Customer Defendant's car).)  This individual is clearly not one of the Nine Grouped Defendants because Mr. Whiting is the only male and he worked at the Stafford location.  (Compl. at ¶ 29.)

### 4.  Declaration of Mary Davern

The only Cigarettes Unlimited Defendants Ms. Davern ever interacted with were Ms. Sloan, Mr. Peters-Brandon, and Ms. Fox.  (Davern Decl. ¶¶ 3, 5, 8–15.)  Generously read, the only "evidence" concerning the Nine Grouped Defendants is Ms. Davern's conjecture that she is "absolutely sure that the store workers at Cigarettes Unlimited people [*sic*] knew [she] was from New York."  (*Id.* ¶ 9.)  Again, this is wholly insufficient to survive summary judgment.  The City "cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material fact, or defeat the motion through mere speculation or conjecture."  *Western World Insurance Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) (internal citations and quotations omitted); *see also CILP Assocs., L.P. v. PriceWaterhouse*

---

[5]     As Defendants pointed out, and the City has ignored, there are no allegations concerning at which Cigarettes Unlimited store these Defendants work.  (*See* Defs.' Br., at 2–3, 18–19.)  The only one of the Nine Grouped Defendants for whom a retail location is given, Mr. Whiting, is the Cigarettes Unlimited store in Stafford.  (Compl. at ¶ 29.)  This is particularly significant here where the facts presented overwhelmingly concern the Dale City location and, to a much lesser extent, the Fredericksburg store.  (*See, e.g.*, Cielakie Decl. ¶¶ 2–3, 14–19, 22, 25; D. Antico Decl. ¶ 3; J. Antico Decl. ¶ 4; Davern Decl. ¶ 5; McGowan Decl. ¶ 3; Schmidt Decl. ¶ 15.)

*Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) ("[T]he non[-]moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment.").  Here, Ms. Davern does not state that she spoke to any of the nine Defendants, let alone told them she was from New York.  In fact, she explicitly states that "[t]here was usually no one else present at the store when [she] picked up [her] cigarettes." (Davern Decl. ¶ 7; *see also* J. Antico Decl. ¶ 7 ("While we were at Cigarettes Unlimited, there were usually no other vehicles in the store parking lot.").)  Therefore, Ms. Davern's conjecture is "evidence only of [her] unsubstantiated suspicions, not her direct observations," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 329 (S.D.N.Y. 2014), which "cannot by themselves create a genuine issue of material fact when none would otherwise exist," *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).  Moreover, Ms. Davern's declaration suffers from a more fundamental problem: even if these Defendants knew that she was from New York, Ms. Davern does not allege that they sold her a single contraband cigarette.  *See City of N.Y. v. FedEx Ground Package Sys., Inc.*, 351 F. Supp. 3d 456, 477 (S.D.N.Y. 2018) (stating that the City's cause of action under the CCTA does not accrue until Defendants "knowingly [sell] [their] 10,001st unstamped cigarette").

### 5.  Declaration of Meryle McGowan

The only Cigarettes Unlimited Defendants with whom Defendant McGowan claims to have regularly interacted were Ms. Sloan and Mr. Peters-Brandon. (McGowan Decl. ¶¶ 7–9, 12–13, 16–17.)  Defendant McGowan also claims to have interacted with Mr. Lash.  (*Id.* ¶ 10.)  Ms. McGowan offers no evidence whatsoever against the Nine Grouped Defendants.

### 6.  Declaration of Robert Schmidt

As an initial matter, the Court should not consider the late-filed declaration of Robert Schmidt in rendering its decision for two reasons.  First, the City did not seek leave of the Court to file the declaration or give any reason for filing it nine days after the City's deadline to oppose the Cigarettes Unlimited Defendants' motion.  *See Green v. Avis Budget Grp., Inc.*, No. 11–CV–269, 2017 WL 35452, at *10 (W.D.N.Y. Jan. 4, 2017) (denying plaintiff's motion to late file exhibits), *report and recommendation adopted*, No. 11–CV–269, 2017 WL 1435670 (W.D.N.Y. Apr. 24, 2017).  Second, the declaration contains "new factual allegations" not referenced in the City's memorandum of law.  *See Yesh Music, LLC v. Amazon.com, Inc.*, No. 16–CV–1406, 2017 WL 2623854, at *1 n.1 (E.D.N.Y. June 16, 2017).

To the extent the Court considers this declaration, it indicates that the only Cigarettes Unlimited Defendants with whom Defendant Schmidt interacted were Ms. Sloan, Mr. Peters-Brandon, Mr. Lash, and Ms. Fox.  (Schmidt Decl. ¶¶ 6, 9–11, 13–14.)  The only other Cigarettes Unlimited employees Defendant Schmidt's declaration discusses are: (1) unnamed Dale City "store employees" who helped him load his vehicle; (2) unnamed Cigarettes Unlimited employees who he believed "were eager to sell" bulk purchases of cigarettes; (3) unnamed Cigarettes Unlimited employees in front of whom Defendants McGowan and Debra Antico "would have conversations mentioning events in New York"; and (4) an unnamed Cigarettes Unlimited Fredericksburg employee with whom Defendant Schmidt "less frequently place[d] order[s]."  (*Id.* ¶¶ 9, 12, 15.)  For the reasons stated above, these "vague accusation[s] and surmise" are wholly insufficient to defeat summary judgment as to these nine Defendants.  *Applegate*, 425 F.2d at 96; *see also O'Neil v. Ponzi*, No. 09–CV–983, 2009 WL 3459482, at *3 (N.D.N.Y. Oct. 22, 2009) ("unsubstantiated and conclusory allegations that certain named and

9

unnamed defendants participated in certain enterprises and took actions at unspecified times and places are insufficient") (citations and internal quotation marks omitted).

In this case, none of the five declarations establish that any of the Nine Grouped Defendants sold a single contraband cigarette, let alone 10,000 of them. Therefore, the Court should grant Defendants' motion for summary judgment as to Ms. Lash, Ms. Biller, Ms. Riley, Ms. Clark, Ms. Pearson, Ms. Petties, Mr. Whiting, Ms. Whitehead, and Ms. Windham on the CCTA claims.[6]

### B.  The Court Should Also Grant Summary Judgment as to the CCTA Claim Against Ms. Fox

The City attempts more particularized allegations concerning Ms. Fox; however, they are insufficient to defeat summary judgment. First, although Ms. Davern alleges she purchased cigarettes from Ms. Fox and spoke to Ms. Fox after one of the alleged traffickers was arrested, (Davern Decl. ¶¶ 5, 12), there is no evidence that Ms. Fox knew that Ms. Davern's cigarettes were going to New York. While Ms. Davern alleges she called from a phone with a New York area code, (*id.* ¶ 5), as Defendants pointed out in their moving brief, the City may not rely on the assumption that an out-of-state area code "should trigger suspicion of illegal smuggling" or means goods are "more likely to [be] deliver[ed] out of state." *Hatu I*, Dkt. 31-2, at 17[7]; (*see also* Defs.' Br., at 11–12.)

---

[6]      For these same reasons, the City has failed to establish personal jurisdiction over these Defendants as well as Ms. Fox, as discussed in Defendants' moving brief. (*See* Defs.' Br., at 6–13, 15–16.)

[7]      The City makes the specious argument that *Hatu I* was "effectively reversed" and, therefore, Defendants may not rely on it. (Pl.'s Br., at 11 n.12.) As the City well knows, the district court dismissed some of the claims in *Hatu I* and then the City moved to amend the complaint and added new factual allegations. *See City of New York v. Hatu*, No. 18–CV–848, 2019 WL 2325902, at *4 (S.D.N.Y. May 31, 2019) ("Hatu II"). An amended complaint renders the original complaint "of no legal effect," *Dluhos v. Floating & Abandoned Vessel, Known as N.Y.*, 162 F.3d 63, 68 (2d Cir. 1998), and, therefore, any subsequent motion to dismiss decision is a separate, albeit related, decision, *see, e.g.*, *Nungesser v. Columbia Univ.*, 244 F. Supp. 3d 345 (S.D.N.Y. 2017) (granting second motion to dismiss and relying, in part, on first motion to dismiss decision).

Second, Defendant Schmidt alleges that Ms. Fox's children once helped him load his car with cigarettes and that he had "numerous conversations" with Ms. Fox "related to the fact that [he] lived in New York City." (Schmidt Decl. ¶¶ 9–10.) Unlike Ms. Davern, however, Defendant Schmidt does not allege that Ms. Fox sold Mr. Schmidt any contraband cigarettes. Therefore, it is irrelevant that Ms. Fox may have known that Defendant Schmidt was from New York.

"[S]tacking this series of weak inferences together," these allegations cannot support that Ms. Fox knew that contraband cigarettes were being transported to New York. *Hatu I*, at 22. And even assuming Defendant Schmidt's arrest alerted Ms. Fox that cigarettes were being shipped to New York, there is no evidence that she sold any cigarettes after Defendant Schmidt's arrest. On the contrary, according to the City's own evidence, upon learning of the arrest, Ms. Fox explicitly discussed cancelling orders. (*See* Defs.' Br., at 13–14.)

## C.  The Cigarettes Were Not "Contraband" Under the CCTA[8]

To prevail under the CCTA, the City must show that the Cigarettes Unlimited Defendants sold or distributed "contraband cigarettes." 18 U.S.C. § 2342(a). For the reasons set forth in Section III(A) of Defendants' moving brief, the Court should dismiss the CCTA claims against the Cigarettes Unlimited Defendants because the plain wording of the CCTA makes clear that a defendant cannot be liable for violating the CCTA where the cigarettes were not contraband at the time of sale. (Defs.' Br., at 16–18); *In re Venture Mortg. Fund, L.P.*, 282 F.3d 185, 188 (2d Cir. 2002) ("It is axiomatic that the plain meaning of a statute controls its interpretation, and that judicial review must end at the statute's unambiguous terms.") (citation omitted); *but see City of*

---

[8]   Should the Court decline to convert the instant motion, Defendants move to dismiss the CCTA claims against Mr. Riley, Ms. Sloan, and Mr. Peters-Brandon for the additional reasons stated in their moving brief. (*See* Defs.' Br., at 6–13, 18–21.)

*N.Y. v. Chavez*, 944 F. Supp. 2d 260, 265 (S.D.N.Y. 2013).

## IV.   THE COURT SHOULD GRANT DEFENDANTS SUMMARY JUDGMENT AS TO THE SUBSTANTIVE RICO CLAIMS

### A.   The City Has Not Established the Existence of Predicate Acts as to Any of the Cigarettes Unlimited Defendants

For the reasons set forth in Defendants' moving brief, the cigarettes at issue were not

"contraband" pursuant to the CCTA.  (Defs.' Br., at 16–18.)  Therefore, the Court should dismiss

the City's RICO claims because the City has not adequately pled the existence of predicate acts.

*Hatu I*, at 26.

### B.   The City Has Put Forth No Evidence that the Nine Grouped Defendants Violated RICO[9]

For the reasons set forth above, the City has not put forth any evidence that the Nine

Grouped Defendants violated the CCTA, let alone "conduct[ed]" or "participate[d] in the

conduct of the affairs" of the alleged trafficking enterprise.  (*See* Defs.' Br., at 22–23.)

### C.   The City Has Put Forth No Evidence that Ms. Fox Violated RICO

Similarly, the City's substantive RICO claim also fails as to Ms. Fox because the City has

not established the existence of predicate acts.  (*See id*. at 22–24.)

## V.   THE COURT SHOULD GRANT DEFENDANTS SUMMARY JUDGMENT AS TO THE RICO CONSPIRACY CLAIMS

To state a claim for RICO conspiracy, a plaintiff must state facts alleging: "(1) an

agreement to join the conspiracy; (2) the acts of each co-conspirator in furtherance of the

conspiracy; [and] (3) that the co-conspirator knowingly participated in the scheme."  *Fuji Photo*

*Film, U.S.A., Inc. v. McNulty*, 640 F. Supp. 2d 300, 312 (S.D.N.Y. 2009) (internal quotation

---

[9]      Should the Court decline to convert the instant motion, Defendants move to dismiss the substantive RICO claims against Mr. Riley, Ms. Sloan, and Mr. Peters-Brandon for the additional reasons stated in their moving brief. (*See* Defs.' Br., at 14–16, 21–24.)

marks omitted).  For the reasons set forth above and in Defendants' moving brief, the City has

failed to establish a substantive RICO claim against any of the Cigarettes Unlimited Defendants

under either a motion to dismiss or summary judgment standard.  (*See* Defs.' Br. at 21–24.)  This

failure is "fatal to [its] RICO conspiracy claim."  *Franzone v. City of N.Y.*, No. 13–CV–5282,

2015 WL 2139121, at *10 (E.D.N.Y. May 4, 2015) (quoting *D. Penguin Bros., Ltd. v. City Nat'l

Bank*, 587 F. App'x 663, 669 (2d Cir. 2014)).

## VI.   THE COURT SHOULD GRANT DEFENDANTS SUMMARY JUDGMENT AS TO THE PACT ACT CLAIMS AGAINST THE TWELVE EMPLYOEE DEFENDANTS[10]

### A.   The City Has Abandoned Its Argument that the Employee Defendants Are Subject to the PACT Act's Filing Requirements

The City has failed to respond to Defendants' argument that the Employee Defendants—

Ms. Lash, Ms. Biller, Ms. Riley, Ms. Fox, Ms. Clark, Ms. Pearson, Ms. Petties, Mr. Peters-

Brandon, Ms. Sloan, Mr. Whiting, Ms. Whitehead, and Ms. Windham—are not subject to the

PACT Act's filing requirements.  (*Compare* Defs.' Br., at 27 *with* Pl.'s Br., at 41–42.)

Therefore, the Court should dismiss these claims as abandoned.  *Camarda v. Selover*, 673 F.

App'x 26, 30 (2d Cir. 2016) ("Where, as here, a counseled non-moving party submits a partial

response arguing that summary judgment should be denied as to some claims while not

mentioning others, that response may be deemed an abandonment of the unmentioned claims.")

(citation and internal quotation marks omitted).[11]

---

[10]    Should the Court decline to convert the instant motion, Defendants also move to dismiss the PACT Act claim against Mr. Riley.  (*See* Defs.' Br., at 27–28.)

[11]    The same standard applies on a motion to dismiss.  *See Felix v. City of N.Y.*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.") (citation and internal quotation marks omitted).

13

**B.  The Employee Defendants Are Not "Delivery Sellers" Under the PACT Act as a Matter of Law**

The legislative history makes clear that the PACT Act was passed, *inter alia*, to combat "[i]llegal tobacco vendors" (Defs.' Br., at 26) and require "remote sellers of cigarettes . . . to comply with the same laws that apply to law-abiding tobacco retailers," *New York v. United Parcel Services, Inc.*, 942 F.3d 554, 565 (2d Cir. 2019) (citation and internal quotation marks omitted).  This narrow intention is borne out by the fact that ordinary employees have *never* been held liable under the PACT Act (*see* Defs.' Br., at 26 & n.10 (collecting cases)), even though the City "routinely prosecute[s] cases involving the distribution of untaxed cigarettes," *FedEx Ground Package Sys., Inc.*, 351 F. Supp. 3d at 466 (collecting cases).  This argument is further buttressed by the Second Circuit's recent decision in *United Parcel Services*, in which the court explained that the purpose of the PACT Act and similar cigarette trafficking statutes is "to prevent the actual cigarette sellers from evading taxes" because "tax evasion is the principal conduct at which these statutes are directed."  942 F.3d at 600–01.

Here, there are no allegations, and the City has put forth no evidence, that the Employee Defendants had any obligation to pay the taxes that were allegedly evaded.  *See* U.S.S.G. § 2T2.1 (stating that the "tax loss" for non-payment of cigarette taxes is "the amount of taxes that the taxpayer failed to pay or attempted not to pay").  For these reasons, the Employee Defendants cannot be subject to the PACT Act.  *See United Parcel Services*, 942 F.3d at 600–01; *FedEx Ground Package Sys., Inc.*, 351 F. Supp. 3d at 466 (stating that where "cigarette *retailers* sell their product directly to consumers" they are "not paying the applicable taxes") (emphasis added); *cf. Cty. of Suffolk v. Golden Feather Smoke Shop, Inc.*, No. 09–CV–162, 2016 WL 1245001, at *2 (E.D.N.Y. Mar. 23, 2016) ("[T]he New York Tax Law requires *retailers* to collect sales tax from the purchaser at the time of sale.") (emphasis added).

14

Moreover, the statutory language of the PACT Act underscores that the Employee Defendants are not "delivery sellers."  As discussed in Defendants' moving brief, the civil penalties for the PACT Act provide, *inter alia*, that the penalty for a "delivery seller" is "the greater of – (i) $5,000 in the case of the first violation, or $10,000 for any other violation; or (ii) for any violation, 2 percent of the gross sales of cigarettes . . . of the delivery seller during the 1-year period ending on the date of the violation."  15 U.S.C. § 377(b).  As mere employees of Cigarettes Unlimited, these Defendants have no "gross sales" and, therefore, cannot be understood to be a "delivery seller" under the statute.  (*See* Defs.' Br., at 27.)

### C.  The City Has Put Forth No Evidence that the Nine Grouped Defendants Are "Delivery Sellers" Under the PACT Act

For the reasons stated in Section III(A), the City has put forth no evidence to support its assertion that the Nine Grouped Defendants illegally sold cigarettes.  (*See also* Defs.' Br., at 8–13, 18–20.)  For this additional reason, the Nine Grouped Defendants do not qualify as "delivery sellers."

### D.  The City Has Put Forth No Evidence that Ms. Fox is a "Delivery Seller" Under the PACT Act

For the reasons stated in Section III(B), the City has put forth no evidence to support its assertion that Ms. Fox illegally sold cigarettes.  Accordingly, Ms. Fox does not qualify as a delivery seller for purposes of the PACT Act.

## CONCLUSION

For the foregoing reasons, the Court should grant the Cigarettes Unlimited Defendants' partial motion for summary judgment as to all of the City's claims except for the PACT Act claims against Mr. Lash, Mr. Riley, and Cigarettes Unlimited.

15

In the alternative, the Court should grant Defendants' partial motion to dismiss all of the City's claims with the exception of the PACT Act claims against Mr. Lash and Cigarettes Unlimited.

Dated: New York, New York,
       December 6, 2019

SHER TREMONTE LLP

By:  /s/ Justin M. Sher
       Justin M. Sher
       Alexandra G. Elenowitz-Hess
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: 212.202.2600
Email: jsher@shertremonte.com
       ahess@shertremonte.com

*Attorneys for the Cigarettes Unlimited Defendants*